UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ADELINA MANZO, | ) Case No. 5:17-cv-02240-JDE |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Adelina Manzo ("Plaintiff") filed a Complaint on November 2, 2017, seeking review of the Commissioner's denial of her application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on August 23, 2018. The matter now is ready for decision.

**I.**

**BACKGROUND**

On December 17, 2013, Plaintiff submitted her application for DIB. Administrative Record ("AR") 173-79. After her application was denied

initially and on reconsideration (AR 71, 84), an administrative hearing was held on August 3, 2016. AR 31, 99. Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert ("VE"). AR 33-58.

On August 30, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 19-26. The ALJ found Plaintiff had not engaged in substantial gainful activity from July 13, 2009, the alleged onset date, through the date she was last insured on September 30, 2014 and found Plaintiff suffered from the following severe impairments: diabetes mellitus, arthritis, degenerative disc disease, fibromyalgia, degenerative joint disease of the right shoulder, carpal tunnel syndrome, and peripheral neuropathy. AR 21. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment and found Plaintiff had the residual functional capacity ("RFC") to perform a range of light work, but Plaintiff could: (1) lift and carry up to 20 pounds occasionally and 10 pounds frequently; (2) stand, walk, and sit for a total of six hours in an eight-hour workday with normal breaks; (3) frequently climb stairs; (4) frequently balance, stoop, kneel, crouch, or crawl; (5) frequently perform fine and gross manipulation with the right upper extremity; and (6) occasionally perform overhead reaching with the right upper extremity. AR 22-23. Plaintiff could not: (1) use ladders, ropes or scaffolds; (2) be exposed to extreme cold, commercial vibration, fumes, dust, gasses, or other pulmonary irritants; (3) perform work involving exposure to unprotected heights or dangerous machinery. Id.

The ALJ determined that Plaintiff was able to perform her past relevant work as a preschool teacher, relying upon the VE's testimony, evidence in the record, and Plaintiff's work history, and finding that the past relevant work was not precluded by Plaintiff's assessed RFC. AR 25. Accordingly, the ALJ

concluded that Plaintiff was not under a "disability," as defined in the Social Security Act. AR 26.

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## III.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is

harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she "actually" performed it when she worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show that she is disabled, or that she meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show that she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## IV.

## DISCUSSION

The parties present two disputed issues (Jt. Stip. at 4):

Issue No. 1: Whether the ALJ properly considered relevant medical evidence in assessing Plaintiff's RFC; and

Issue No. 2: Whether the ALJ properly considered Plaintiff's subjective statements and testimony about her limitations.

**A.   Consideration of Medical Evidence**

Plaintiff alleges the ALJ erred by failing to properly consider all of Plaintiff's symptoms and limitations. Specifically, she complains that the ALJ did not properly contemplate her fibromyalgia and right hand limitation due to carpal tunnel.  Jt. Stip. at 5-8.

1. **Applicable Law**

A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. Id. The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted).

2. **Analysis**

   a. **Fibromyalgia**

Plaintiff contends that the ALJ did not properly consider her fibromyalgia. She points out that the ALJ found fibromyalgia to be a severe impairment, but the RFC did not "contemplate" the limitations of that impairment. Jt. Stip. at 5.

To the extent Plaintiff suggests that the step-two severe impairment finding necessarily translates to limitations in the RFC, Plaintiff is wrong. When formulating the RFC, the ALJ must consider the step two and three limitations, along with all of the other relevant evidence in the record. See Israel v. Astrue, 494 F. App'x 794, 796 (9th Cir. 2012). The ALJ did that here, finding fibromyalgia was a severe impairment, and then considering "all symptoms" in fashioning Plaintiff's RFC. AR 23. Plaintiff's suggestion that, simply because the ALJ found fibromyalgia passed the step-two threshold the impairment necessarily resulted in RFC limitations, improperly equates and imposes a step-two finding on the RFC determination. See Rayford v. Astrue, 2012 WL 3839526, at *9 (C.D. Cal. Sept. 5, 2012) ("[t]he fact that an

6

impairment is found to be severe at step two of the sequential process does not necessarily translate to work-related limitations in the RFC at step four or five of the sequential process."); Mitchell v. Astrue, 2010 WL 519703, at *6 (E.D. Cal. Feb. 12, 2010) (argument – that because ALJ found severe impairment at step two, impairment must have imposed limitations that should have been included in RFC – "fails because it tries to impose a step two finding on the RFC determination"), aff'd, 438 F. App'x 617 (9th Cir. 2011).

Further, the only evidence Plaintiff directs the Court to in support of an RFC limitation is her fibromyalgia diagnosis. Jt. Stip. at 5. Plaintiff references four notations of fibromyalgia, one in 2011, and three between March and June of 2012. Id., citing AR 295, 297, 300, 303. But, by 2013, treatment notes no longer mention tender points nor was Plaintiff diagnosed with fibromyalgia. AR 283-91. In March 2014, Plaintiff explained to consultative examiner Dr. Bahaa Girgis that she was told by a rheumatologist in Mexico that she may have fibromyalgia. AR 341. Dr. Girgis did not diagnose Plaintiff with fibromyalgia; instead he noted that Plaintiff was in no distress, moved easily, and had no tender points or reduced range of motion. AR 343-45. In July 2015 – well after the relevant period ended on September 30, 2014 – a physician's assistant noted 14 positive fibromyalgia trigger points, and assessed Plaintiff with "probable" fibromyalgia. AR 427. However, the physician's assistant also noted fibromyalgia improvement the following month. AR 431. Contrary to Plaintiff's assertion, this sporadic mention of fibromyalgia is insufficient to warrant further restriction to the limited range of light work already assessed by the ALJ. See Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990) (mere diagnosis of a listed impairment is not sufficient to sustain a finding of disability); Nottoli v. Astrue, 2011 WL 675290, at *3 (E.D. Cal. Feb. 16, 2011) ("a mere recitation of a medical diagnosis does not demonstrate how that condition impacts plaintiff's ability to engage in basic work activities.").

Finally, even if the ALJ erred by omitting any discussion of this evidence in the written decision, Plaintiff failed to convincingly demonstrate that it was reversible (and not harmless) error by the agency. Molina, 674 F.3d at 1115; Brown-Hunter, 806 F.3d at 492. Plaintiff's only argument that the diagnosis had any bearing on the disability outcome is to state that she has "consistently maintained that [pain from her fibromyalgia] would preclude her ability to perform and persist at full time competitive employment." Jt. Stip. at 5. However, as explained in further detail in Issue No. Two, the ALJ properly discounted her subjective complaints. Plaintiff has not met her burden of showing prejudice simply by citing her own self-serving belief that she cannot work due to fibromyalgia.

For the reasons outlined above, the Court finds the ALJ appropriately contemplated the medical evidence of fibromyalgia.

### b. Carpal tunnel

A similar analysis applies to Plaintiff's claim the ALJ did not properly consider additional limitations based on Dr. Girgis's diagnosis of probable carpal tunnel and restriction in the use of her right hand. Jt. Stip. at 6-8.

As with fibromyalgia, the ALJ found carpal tunnel syndrome was also one of Plaintiff's severe impairments. AR 21. As discussed, the ALJ found Plaintiff's RFC was limited to a reduced range of light exertional work, including lifting and carrying 20 pounds occasionally and 10 pounds frequently, and frequent fine and gross manipulation with the right hand. AR 23. This finding was supported by both State agency physicians, who found Plaintiff could perform medium work with frequent handling and unlimited fingering. AR 67, 80-81.

Also as with fibromyalgia, Plaintiff told Dr. Girgis tests done in Mexico revealed carpal tunnel in her right hand. AR 342. Dr. Girgis noted those records were not available, and Plaintiff denied using a brace or having any

carpal tunnel release surgery, or any hand trauma. Id. During the examination, Dr. Girgis noted no edema, no joint swelling, no tenderness to touch in the wrists, and grossly normal range of wrist motion. AR 344. He also found Plaintiff had 5/5 strength throughout the examination. AR 345. He did, however, note tingling and numbness over the course of the median nerve of the right hand induced by tapping. Id. Ultimately, Dr. Girgis diagnosed "[p]robable" carpal tunnel of the right hand. Id. He then opined Plaintiff could lift and carry up to 50 pounds occasionally and 25 pounds frequently, and could "perform gross and fine motor skills of reaching, carrying, lifting, feeling, handling and fingering occasionally using the right hand due to carpal tunnel." AR 345-46. Plaintiff complains the ALJ did not properly consider Dr. Girgis's conclusions. Jt. Stip. at 6-7.

Plaintiff fails to explain how Dr. Girgis's probable diagnosis of carpal tunnel results in a disability determination. Young, 911 F.2d at 183-84; Nottoli, 2011 WL 675290 at *3. Plaintiff also fails to explain how Dr. Girgis's assessment that Plaintiff could perform work at a higher exertional level with the handling/fingering restriction demonstrates disability. The ALJ acknowledged Dr. Girgis's suggested limitation of occasional manipulative activities with the right hand, and gave substantial weight to Dr. Girgis's opinion only insofar as it assessed Plaintiff could perform work at the medium level.[1] AR 25. The ALJ did not adopt Dr. Girgis's opinion in its entirety or the limitation at a lower exertional level. See Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989) (when weighing a medical opinion, the ALJ was not required to adopt wholesale very limitation in an opinion as substantial

---

[1] Medium work is defined as work that involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). "If someone can do medium work . . . he or she can also do . . . light work." Id.

9

evidence in support of an RFC determination); Howland v. Comm'r Soc. Sec., 2017 WL 132108, at *5 (E.D. Cal. Jan. 13, 2017) (ALJ's assignment of "substantial evidentiary weight" to an opinion indicated that, while he found that opinion persuasive, he did not adopt in full every limitation contained). But even so, when the ALJ asked the VE if a hypothetical individual matching the work level and restrictions outlined in Dr. Girgis's opinion could perform her past relevant work as a preschool teacher, the VE testified that she could. AR 52-53. Moreover, when the ALJ asked the VE if a hypothetical individual matching the work level and restrictions in Plaintiff's RFC would perform the past relevant work, the VE testified that such a person could. AR at 53. That testimony is substantial evidence supporting the RFC. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1162-63 (9th Cir. 2001).

Accordingly, the ALJ contemplated Plaintiff's carpal tunnel and assessed an RFC that is supported by substantial evidence. As such, the Court must uphold the RFC assessment. See Bayliss, 427 F.3d at 1217; Brown-Hunter, 806 F.3d at 492.

**B.    Plaintiff's Subjective Symptom Testimony**

In Issue No. 2, Plaintiff argues the ALJ improperly discounted her subjective symptom testimony.

**1. Applicable Law**

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 416.929. The ALJ's findings "must be sufficiently specific to allow a

reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Finally, the ALJ's finding may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r Soc. Sec. Admin, 359 F.3d 1190, 1197 (9th Cir. 2004).

### 2. Analysis

During the administrative hearing, Plaintiff testified she last worked in 2009 for the Salvation Army, where she cashiered, stocked, and cleaned. AR 35. She stopped working when she felt pain in her back, lost weight, and became depressed. AR 35. She also used to teach preschool, but she can no longer do that either because of her problems lifting and carrying. AR 38. She has pain in her low back, shoulders, knees, elbow, and toes, as well as pain, numbness, and tingling in her left leg. AR 38-41. Her carpal tunnel in her right hand causes pain in the wrist and fingers. AR 40-41. She can lift probably five or eight pounds before she starts feeling pain in her back or shoulders and has problems reaching over her head, but she can reach in front of herself. AR 44-45. She can stand for an hour before she feels pain in her low back and feet and has to alternate standing on her left and right leg every five minutes. AR 4243. When she is at home, she has to sit or lie down for an hour to hour-and-a-half, two times a day. AR 43-44. She can drive, but not far because of her back and shoulder problems. AR 36. She has not had surgery for her shoulder ailments or carpal tunnel. AR 47. She is depressed, which, when bad, causes her to lay in bed. AR 46. For treatment, she takes medicine. AR 37, 39. An injection in her back in July 2016 but it did not help. AR 47-48.

11

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements "concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence," for the reasons explained in the decision. AR 23. The ALJ offered at least three reasons for discounting Plaintiff's subjective symptom testimony: (1) conflict with the objective evidence; (2) limited, conservative, and inconsistent treatment during the relevant period; and (3) the medical source opinions supported significant work capacity. AR 23-25. As explained below, the ALJ provided legally sufficient reasons for discrediting Plaintiff's subjective symptom testimony.

First, the ALJ discredited Plaintiff's symptom testimony because her allegations were not supported by objective medical evidence. AR 34-37. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins, 261 F.3d at 857. The record shows numerous objective findings and conclusions that conflict with Plaintiff's allegations of total disability. For example: (1) lumbar and cervical-spine imaging was normal aside from mild degenerative changes at C5-6 with no other significant abnormality; (2)chest imaging was normal; (3) right shoulder imaging showed only mild degenerative changes in one joint, with no soft tissue abnormalities; (4) Dr. Girgis's examination found normal gait and maneuvering ability, normal range of motion in the spine and all extremities, no abnormalities with regard to the hands or wrists, and full strength in all areas with no evidence of significant neurologic deficiency; (5) Plaintiff's primary care provider's September 2014 examination indicated no physical abnormality or functional deficiency, and diagnosis were limited to hypertension, insomnia, and neuropathy;  and (6)

progress notes in October 2014 showed significant improvement in Plaintiff's neuropathy, and all other conditions were stable and doing well. AR 24, 280, 331, 343-45, 366, 370, 381, 383. In light of this evidence, the ALJ properly considered the inconsistency with the objective medical evidence as one of at least three valid factors supporting the decision to discount Plaintiff's symptom testimony. See Burch, 400 F.3d at 681.

Second, the ALJ discredited Plaintiff's symptom testimony because she received limited, conservative, and inconsistent treatment. AR 24. The treatment a claimant received, especially when conservative, is a legitimate consideration in evaluating subjective symptoms. See Parra, 481 F.3d at 750-51 ("evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment"). The ALJ correctly noted there were few records during the relevant period, and that Plaintiff was treated conservatively with medication. AR at 24. Indeed, at the hearing Plaintiff described only medication treatment for her physical symptoms, including "sometimes" taking ibuprofen, and denied more aggressive forms of treatment such as surgery. AR 37, 39, 47, 342. See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered physician's failure to prescribe, and claimant's failure to request, medical treatment commensurate with the "supposedly excruciating pain" alleged); see also Hanes v. Colvin, 651 F. App'x 703, 705 (9th Cir. 2016) (credibility determination supported in part by evidence of conservative treatment plan, which consisted primarily of minimal medication, limited injections, physical therapy, and gentle exercise). The ALJ's finding regarding conservative treatment was a clear and convincing reason to discount Plaintiff's statements of a disabling condition. See Tommasetti, 533 F.3d at 1040; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by conservative treatment).

Third, the ALJ noted that medical source opinions supported significant work capacity, and primary care examination notes reflected no findings of specific functional limitation in Plaintiff's ability to work. AR 24-25. As explained, Dr. Giris concluded Plaintiff could perform a range of medium work, and the State Agency reviewers reached a similar conclusion. AR 66-68, 79-81, 345-46. Accordingly, this final reason is supported by substantial evidence. See Willens v. Berryhill, 709 F. App'x 867, 868 (9th Cir. 2017) (ALJ properly rejected claimant's credibility in part because "no physician made an assessment that [claimant] was disabled"); Sherman v. Colvin, 582 F. App'x 745, 748 (9th Cir. 2014) (credibility determination supported in part because of a lack of restrictions on claimant's activities).

The Court finds the ALJ provided sufficiently specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, specifically, the conflict with objective medical evidence and other evidence in the record, which cannot be the only ground, Plaintiff's conservative treatment, and medical source opinions supporting ability to perform significant range of work, in discounting Plaintiff's subjective symptom testimony. Those grounds, together, are sufficient to affirm the ALJ's decision on the issue.

## V.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: October 17, 2018

_____
JOHN D. EARLY
United States Magistrate Judge

14